UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Arian CASAS SANCHEZ,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER,

Respondent.

Case No.:  26-cv-0520-AGS-VET

**ORDER GRANTING REQUEST TO ACT AS NEXT FRIEND AND ORDERING RESPONSE**

Petitioner Adrian Casas Sanchez, through his sister-in-law Griselle Casas, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free Casas Sanchez from immigration detention. The Court concludes that Ms. Casas is authorized to file the petition on Casas Sanchez's behalf, and the petition warrants a return.

**A.    Next Friend**

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by *someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). But such "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Ms. Casas has carried her burden as to both prongs: she swears Casas Sanchez has "limited English proficiency" and "restricted access to legal resources." (ECF 7, at 10.)

1

Moreover, Ms. Casas asserts that she is Casas Sanchez's "sister-in-law," has "a close family relationship with him," and is "acting solely to protect his legal rights." (*Id.*)

So, the Court accepts the petition signed by Ms. Casas. (ECF 1.) Although "next friend" status permits Ms. Casas to file the original petition on Casas Sanchez's behalf, "the statute does not authorize the 'next friend' to proceed without an attorney." *Morrison v. Tuolumne Cnty. Sheriff*, No. 1:25-CV-01591-JLT-EPG-HC, 2025 WL 3268269, at *1 (E.D. Cal. Nov. 24, 2025). Going forward, she may not file anything else or represent her brother-in-law in court unless she retains counsel. *See Hinojosa v. Warden, SATF/SP*, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (requiring 'next friend "be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves"), *report and recommendation adopted*, No. 2:22-cv-01780-KJM DB P, 2023 WL 4711303 (E.D. Cal. July 24, 2023). All future filings and arguments must be made by counsel or by Casas Sanchez in his pro se capacity.

**B.    Screening**

At this stage, Casas Sanchez need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On "September 30, 2021," Casas Sanchez entered the United States, was taken into custody, and was released on his "own recognizance." (ECF 1, at 17.) Four years later, on "09/23/2025," he was detained by "U.S. Immigration and Customs Enforcement," where he remains. (*Id.* at 2.) He claims that his final removal order is "pending appeal," and thus

2

not final. (*Id.*) As a result, he argues that his "[p]rolonged detention without a bond hearing" is unlawful. (*Id.* at 6.)

This argument is not frivolous. As described in his petition, it appears Casas Sanchez may be held under 8 U.S.C. § 1226(a), which includes the right to a bond hearing. If so, functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same).

So, by **February 17, 2026**, respondent must file its return. Any traverse by petitioner must be filed by **February 24, 2026**. The Court will hold oral arguments on the petition on **March 3, 2026**, at **1:00 p.m.** If Casas Sanchez is not represented by counsel by that time, respondent's counsel must coordinate his remote appearance, preferably by videoconference.

Dated:  February 5, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

26-cv-0520-AGS-VET